UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ATHENA KENNER,

                     Plaintiff,

     -against-

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

                     Defendant.

---

**MEMORANDUM AND ORDER**
Case No. 1:23-cv-8220 (FB)

*Appearances:*
*For the Plaintiff:*
ATHENA KENNER, *pro se*
785 Schenck Avenue, Apt. 3C
Brooklyn, NY 11207

*For the Defendants:*
NAHID SOROOSHYARI
HUGH DUN RAPPAPORT
SSA – Office of the General Counsel
6401 Security Boulevard
Baltimore, MD 21235

**BLOCK, Senior District Judge:**

Plaintiff Athena Kenner seeks review of the Commissioner of the Social Security

Administration's ("the Commissioner") denial of her application for Social Security Disability

Insurance benefits under Title II of the Social Security Act. The Commissioner moves for

judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the following

reasons, the Commissioner's motion is GRANTED.

## I.    Background

Kenner was hospitalized in December 2016 when an aneurysm in her brain ruptured. Tr.

at 325, 333, 337, 338, ECF No. 12.[1] Kenner previously worked as a cleaner in New York City

parks, but has not worked since being hospitalized. *Id*. at 252–53. Kenner applied for Social

---

[1] The Commissioner filed the administrative transcript of the proceedings before the Social Security Administration at ECF No. 12. All references to ECF No. 12 are denoted as "Tr. ___."

Security Disability Insurance benefits on January 3, 2017, claiming she was disabled by the brain aneurysm, as well as asthma, anemia, and high blood pressure. *Id*. at 12–13, 221–29.

The Social Security Administration ("SSA") scheduled a hearing to review Kenner's claims, but Kenner failed to appear at this hearing, so an administrative law judge ("ALJ") dismissed her request for a hearing. *Id*. at 81–82, 111-16, 128. Kenner requested review of that dismissal, the Appeals Council granted her request and vacated and remanded the ALJ's decision. *Id*. at 84–85, 130. The ALJ then conducted a hearing, which Kenner attended, but the ALJ adjourned that hearing to give Kenner an opportunity to obtain representation. *Id*. at 64–70. Kenner appeared for the rescheduled hearing, reported that she had not obtained representation, and the hearing proceeded. *Id*. at 50–63. The ALJ later issued a decision finding Kenner not disabled. *Id*. at 9–16. The Appeals Council denied review of the ALJ's decision and Kenner thereafter commenced this action.

## II.    Discussion

District courts reviewing the Commissioner's determinations under 42 U.S.C. § 405(g) must "conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied."[2] *Rucker v. Kijakazi*, 48 F.4th 86, 90–91 (2d Cir. 2022). They may not conduct a *de novo* review or substitute their judgment for that of the ALJ, *see Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012), reversing the ALJ "only if the factual findings are not supported by substantial evidence or if the decision is based on legal error." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008). "Substantial evidence means such

---

[2] Throughout this opinion, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013).

The Commissioner moves for judgment on the pleadings on the ground that the ALJ's decision was supported by substantial evidence. In response, Kenner submitted a one-page, handwritten letter which stated that she had submitted all medical records documenting her illnesses and requesting that the Court assist her with her case. ECF No. 16.

Normally, this would not be sufficient to oppose a motion for judgment on the pleadings, but the Court is sympathetic to Kenner's situation and the fact that she is proceeding *pro se*. The Court recognizes that "if 'the pleadings are themselves sufficient to withstand dismissal,' a *pro se* complaint will not be dismissed simply because the complainant failed to respond to a Rule 12(c) motion." *Nauss v. Barnhart*, 155 F. App'x 539, 540 (2d Cir. 2005) (quoting *Maggette v. Dalsheim*, 709 F.2d 800, 802 (2d Cir. 1983)). And "*pro se* litigants 'are entitled to a liberal construction of their pleadings,' and, therefore, their complaints 'should be read to raise the strongest arguments that they suggest.'" *Polanco v. Comm'r of Soc. Sec.*, 304 F. Supp. 3d 345, 356 (S.D.N.Y. 2018) (quoting *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001)).

Unfortunately, Kenner has failed to explain why the Commissioner's decision was erroneous or why she is entitled to disability benefits. She has not submitted anything to this Court to explain her claims or alleged disability. There are, in effect, no pleadings for the Court to liberally construe. SSA informed Kenner of her right to representation, that many representatives will only charge a fee if the client is successful, and that other representatives will represent clients for no charge at all. Tr. at 139. SSA provided Kenner a list of organizations that provide representation free of charge. *Id*. at 144–49. The Commissioner complied with Local Civil Rule 12.1 by informing Kenner of the consequences of failing to respond to the motion and

3

that she must submit evidence supporting her claims. Def.'s Mot. for J. on the Pleadings, 26–27. Following the Commissioner's motion for judgment on the pleadings, the Court advised Kenner that "she may contact the City Bar Justice Center Federal Pro Se Legal Assistance Project . . . for limited legal assistance" and "[s]he may also contact the Pro Se Office at the United States Courthouse . . . for information regarding Court procedures" and provided contact information for both. Text Order, November 26, 2024.

Kenner has had ample opportunity to obtain representation and to provide submissions to the Court explaining her argument. Nevertheless, the Court opts to conduct a review of the record to determine if the ALJ's decision is supported by substantial evidence.

In her application, Kenner contended that she was disabled by her brain aneurysm, asthma, anemia, and high blood pressure. Tr. at 221–29. Kenner explained her symptoms, which the ALJ summarized as follows:

> At the hearing, the claimant testifies that she experiences slight headaches due to the aneurysm approximately 3 or 4 times per month that can last for several days at a time. However, she explains that she uses over the counter Tylenol to manage the pain. She also testifies that she medically manages a thyroid impairment and has intermittent sciatica. The claimant states she has difficulty sitting and standing for prolonged periods due to pain in her legs, walks with a cane, and claims her left arm feels heavy since the stroke and unable to hold heavy objects. Yet, she testifies she can grip items and use her hands. Additionally, the claimant reports difficulty concentrating and impaired memory since the aneurysm.

Tr. at 13.

The Commissioner employs a five-step inquiry to evaluate Social Security disability claims. *See McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014). At step one, the ALJ determines whether the claimant has been engaged in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(i). Here, the ALJ found that Kenner had not engaged in substantial gainful activity since her application date, January 3, 2017. Tr. at 12. At step two, the ALJ determines whether the claimant has a severe medically determinable impairment or combination of impairments. *Id.*

4

§ 416.920(c). An impairment is severe if it significantly limits the claimant's mental ability to do basic work activities. *Id*. 20 C.F.R. § 416.922.

In its step two analysis, the ALJ reviewed Kenner's medical records at length. Id. at 12–16. These included a January 2017 evaluation in which Kenner's doctor noted that she had had a "remarkable recovery" and Kenner denied active complaints, and specifically denied headaches, weakness, sensory changes, visual problems, or difficulty balancing. *Id*. at 13, 337. The ALJ reviewed a February 2017 evaluation in which Kenner "reported only mild headache relieved with Acetominophen, mild left shoulder pain, and intermittent imbalance with prolonged walking." *Id*. at 13. The examination record showed that Kenner had mild left arm drift, was "in no acute distress," her "[r]ecent and remote memory [were] normal," her upper and lower extremity strength was normal," her gait was normal, and her attention/concentration were sufficient to state the days of the week backward. *Id*. at 326–27.

At a March 2017 examination, Kenner complained of weakness in her left arm and leg. *Id*. She also reported that she used an inhaler for asthma once or twice a week, she could walk two or three blocks, she did not have difficulty climbing stairs, and she used the subway and buses. *Id*. at 333. The medical report showed that Kenner was in no acute distress; her gait was normal; she did not use a cane, a walker, or any other assistive device; her hand and finger dexterity were intact; she had normal range of motion in her cervical, thoracic, and lumbar spine; she had 5/5 strength in all muscles; and she had normal sensation. *Id*. at 334.

At an April 2017 examination, Kenner reported that she had no complaints, and denied any headaches, weakness, or difficulty balancing. *Id*. at 338. An October 2018 examination by a nurse practitioner, however, reported that Kenner "suffers from dizziness, headaches, poor memory and concentration." *Id*. at 348.

After reviewing all this evidence, the ALJ explained that:

> [T]he claimant has acknowledged that she is able to reside independently and she reported a capacity to cook, clean, shop, travel independently, manage money, and take walks in the park several times per week. At the independent examination, she admitted a capacity to walk 2 to 3 blocks at a time, had no difficulty with stair climbing, and stated she could use public transportation.
>
> Moreover, according to her testimony she is able to manage her occasional headache pain with Tylenol, suggesting conservative care is effective in controlling that symptom.

*Id*. at 16.

The ALJ thus concluded that Kenner "does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months[.]" *Id*. at 12. Accordingly, the ALJ determined that Kenner "does not have a severe impairment or combination of impairments." *Id*. The ALJ also concluded that there was a lack of evidence to support Kenner's claims that her asthma, thyroid, left hip, and sciatica complaints constituted severe impairments. *Id*. at 15.

As the foregoing discussion makes clear, the ALJ's decision was supported by substantial evidence. The ALJ reviewed the medical evidence in detail, including the opinions of Kenner's physicians, her nurse practitioner, and her testimony, to conclude that Kenner does not have a severe impairment or combination of impairments that significantly limits her ability to perform basic work activities. *Id*. at 12–16. Basic work activities include activities and functions such as "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;" "seeing, hearing, and speaking;" "[u]nderstanding, carrying out, and remembering simple instructions;" "[u]se of judgment;" "[r]esponding appropriately to supervision, co-workers and usual work situations;" and "[d]ealing with changes in a routine work setting." 20 C.F.R. § 416.922(b). Although Kenner may suffer from some impairments, the ALJ reasonably concluded that she

6

failed to establish that her impairments significantly limit her abilities to perform such basic work activities. Tr. at 16. The Court cannot conclude that "no reasonable factfinder could have reached the same conclusion as the ALJ." *Schillo v. Saul*, 31 F.4th 64, 69 (2d Cir. 2022).

### III.    Conclusion

The ALJ's disability determination is supported by substantial evidence, is free of legal error, and is affirmed. Accordingly, the Commissioner's motion is GRANTED.

**SO ORDERED.**

          /S/ Frederic Block
        FREDERIC BLOCK
        Senior United States District Judge

Brooklyn, New York
December 4, 2025